[Cite as *Wallace v. OhioHealth Corp.*, 2018-Ohio-4293.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Wallace, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-279 |
| | | (C.P.C. No. 17CV-6797) |
| OhioHealth Corporation et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 23, 2018

**On brief:** *Donahey & DeFossez, LLC,* and *Mark E. DeFossez*, for appellant. **Argued:** *Curtis M. Fifner.*

**On brief:** *FisherBroyles, LLP, Michael R. Traven* and *Robert B. Graziano*, for appellees. **Argued:** *Michael R. Traven.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} James Wallace is appealing from the dismissal of his lawsuit against OhioHealth Corporation. He assigns a single error for our consideration:

> The trial court improperly granted defendants' Civ. R. 12(B)(6) motion to dismiss when it held that an issue capable of understanding by lay persons required expert testimony.

{¶ 2} He submits as an issue for review, the following:

> Does a trial court err when it dismisses a case for failure to include an affidavit of merit on a medical issue which does not require expert testimony?

{¶ 3}  Of critical importance to our resolution of this appeal is the fact that judgment was entered following the sustaining of a motion to dismiss under Civ.R. 12(B)(6), as opposed to a judgment based on summary judgment finding under Civ.R. 56. In ruling on a motion filed under Civ.R. 12(B)(6), the trial court is supposed to accept as facts the allegations in the complaint.

{¶ 4}  The standard analysis of that traditional standard has been complicated by the additions of the requirements regarding affidavits of merit as set forth in Civ.R. 10(D)(2).

{¶ 5}  Civ.R. 10(D)(2)(a) reads:

> Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:
>
> (i)  A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii)  A statement that the affiant is familiar with the applicable standard of care;
>
> (iii)  The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 6}  Despite the clear language of Civ.R. 10(D), a body of cases has developed where the appellate courts have not required an affidavit of merit but have held that common knowledge is sufficient to establish liability without the need for expert testimony. Most of these cases involve falls off of a gurney or some other sort of fall in a medical facility. This body of cases makes a Civ.R. 12(B)(6) motion less likely to be sustained and makes a motion for summary judgment a preferable route to pursue.  To date, the Supreme Court of Ohio has not changed whether or not a failure to provide an affidavit of merit in a medical

claim where common knowledge applies makes the complaint subject to dismissal under Civ.R. 12(B)(6).

{¶ 7} In the case being pursued by James Wallace, his complaint asserts that personnel at Doctor's Hospital tried to remove packing from a wound which had been treated surgically. The packing was not supposed to be removed. It was special surgical packing which was meant to remain in place until some or all of it dissolved on its own. Likewise, the sutures securing the packing were intended to dissolve over time, not be severed through cutting or the force of tugging on the packing.

{¶ 8} The complaint filed on behalf of James Wallace alleged that in tugging on the packing and trying to remove it despite the clear indications in the medical records that it should remain in place, the staff at Doctor's Hospital caused severe pain and bodily injury to Wallace.

{¶ 9} The common knowledge exception would assert that you do not need an expert to tell you that hospital personnel should not be disregarding the medical records or physician's orders and attempting to remove surgical packing which was intended to remain in place. At the pleading stage alone, a trial court judge could not tell whether the common knowledge exception applies. As a result, dismissal of the complaint was not appropriate.

{¶ 10} We sustain the sole assignment of error, vacate the judgment of the common pleas court, and return the claim to the court for further appropriate proceedings.

*Judgment reversed and remanded for further proceedings.*

KLATT and BRUNNER, JJ., concur.

———————