[Cite as *Leaf v. Leaf*, 2022-Ohio-3301.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRIAN E. LEAF | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 22 CAF 03 0016 |
| RHONDA J. LEAF (nka RING) | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, Case
No. 19 DRA 12 0678


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 20, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

DOUGLAS W. WARNOCK      RHONDA J. RING
DOUGLAS W. WARNOCK CO., LPA      PRO SE
20 East Central Avenue      2020 Wilson Road
Delaware, Ohio  43015      Sunbury, Ohio  43074

*Wise, John, J.*

**{¶1}** Defendant-Appellant Rhonda J. Leaf nka Ring appeals the February 14, 2022, decision of the Delaware County Court of Common Pleas wherein the court ruled on six pending post-decree motions.

**{¶2}** Plaintiff-Appellee is Brian E. Leaf.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** The parties in this matter were married on February 21, 1999.

**{¶5}** Two children were born as issue of the marriage: M.L. (DOB December 21, 2001) and H.L. (DOB October 16, 2004).

**{¶6}** Plaintiff-Appellee Brian Leaf filed a Complaint for Divorce on December 9, 2019.

**{¶7}** An Agreed Judgment Entry-Decree of Divorce was filed herein on June 30, 2021. Said Decree made final orders as to: the allocation of parental rights and responsibilities for a minor child; the award, amount, term, and payment of spousal support by Appellee to Appellant; and, the division of all of the parties' property, including assets and liabilities. The Decree was reviewed and approved by both parties and their respective attorneys; initialed and signed by Appellee and Appellant; signed by legal counsel for each of the parties; and, reviewed, approved, signed, and filed by the trial court. No appeal was taken from the Divorce Decree.

**{¶8}** On December 3, 2021, Plaintiff filed a Motion for Contempt and Other Relief and a Motion to Excuse or Extend Time for Payments and, or, Stay Certain Orders.

**{¶9}** On December 7, 2021, Defendant filed a Motion to Release Attorney and to Stay Certain Orders.

**{¶10}** On January 11, 2022, Plaintiff filed a Motion to Approve Qualified Domestic Relations Order.

**{¶11}** On January 18, 2022, Defendant filed a Motion for Contempt and Other Relief and a Motion for Completion of Payment Per Divorce Decree (6/30/21) and Contempt of Court Order.

**{¶12}** Hearings were held on these post-decree proceedings on December 13, 2021 and February 2, 2022. At each of these hearings, the trial court heard testimony and took evidence. Following each of the said hearings, the trial court issued Judgment Entries.

**{¶13}** In the December 21, 2021, Judgment Entry and the February 14, 2022, Judgment Entry, the trial court set forth what transpired at the December 13, 2021 and the February 2, 2022 hearings, respectively, and made orders. The February 14, 2022, Judgment Entry made final orders with respect to the then-pending motions as follows:

1. **Qualified Domestic Relations Order**. After further discussion and drafting, the parties agreed on the terms and language to be included in the qualified domestic relations order (QDRO) called for in section 14.C. (on pages 27-28) of the Decree of Divorce. The parties approved the QDRO and submitted it to the Court for review and approval. The Court approved the QDRO, signed it, and filed it on February 2, 2022.

2. **Timeshare- Hilton Grand Vacation Company; LLC. LV Tower 52 Vacation Suites, A Vacation Ownership Resort Member Number**

**792701696.** The orders and provisions set forth in the Decree of Divorce in section 7.D. (on pages 18-19), as the same relate to the said timeshare: are clear and unambiguous; shall not be changed; and, shall remain in full force and effect as written therein. The evidence showed that the timeshare cannot be divided into separate one-bedroom units for each of the parties. Therefore, as provided in the Decree of Divorce, the parties shall proceed to "sell the timeshare at the best price obtainable," with "either of the parties having the option to 'buy out' the interest of the other at a price mutually agreed to by both of the parties." Ms. Ring declined to "buyout' the interest of Mr. Leaf, so the parties shall proceed to sell the timeshare as provided in the Decree of Divorce and according to the terms therein. Further, there is no provision in the Decree of Divorce for Ms. Ring's planned use of the timeshare in 2022.

3. **2021 PPP Loan**. Referring to section 12.B. (on page 25) of the Decree of Divorce and section 2. (on pages 3-4) of the 12/21/2021 Judgment Entry, the Court finds that Mr. Leaf requested and received formal notice of forgiveness of the 2021 PPP loan, in the amount of $60,425.00. Mr. Leaf received such formal notice on January 20, 2022. Therefore, Mr. Leaf is obligated under the previous orders of the Court to pay to Ms. Ring one-half of the forgiven amount, *i.e.,* $30,212.50, on or before February 19, 2022.

4. **Business Interests**: After the Pretrial on December 13, 2021, Ms. Ring signed and delivered certain documents to transfer to Mr. Leaf and,

or, to release her ownership and other interests in Leaf Chiropractic & Wellness Center, Inc., Mikhan Properties, LLC, and Mikhan, LLC. Without modifying or limiting the orders in or provisions of the Decree of Divorce (for example, in section 12., on pages 24-26), but to enforce these orders and provisions, the Court now requires Ms. Ring to complete such transfer(s) and release(s) by resigning as an officer of Leaf Chiropractic & Wellness Center, Inc. and signing the document(s) reasonably necessary to do so. Further, Mr. Leaf has agreed to sign documents reasonably necessary to evidence that he does not own any interest in Massage Professionals, LLC.

The "refinancing" and payment in full of the State Route 521 mortgage debts having been completed by Mr. Leaf on or before December 31, 2021 (as provided in section 7B, on pages 16-17 of the Decree of Divorce), and the equalizing distribution (provided for in section 13., on page 26-27 of the Decree of Divorce) having been paid in full, all of the original transfer documents described, and all of the escrow obligations set forth in section 4. (on page 4) of the 12/21/2021 Judgment Entry are released.

5. **Apple Home Application**. As provided in section 22. (on page 31) of the Decree of Divorce, Mr. Leaf shall not use the (Apple) Home application for the Wilson Road real estate. The parties disagreed about whether Mr. Leaf had been using, accessing, or controlling the said Home application since June 30, 2021. The Court declines to find that Mr. Leaf has violated this provision of the Decree of Divorce. Going forward, it shall

be the obligation of Ms. Ring to provide to Mr. Leaf the Decree of Divorce. Going forward, it shall be the obligation of Ms. Ring to provide to Mr. Leaf specific, detailed, and step-by-step instructions in writing as to what actions (if any) Mr. Leaf needs to take so that he cannot use, access, or control the said Home application (for example, but not limited to passwords and, or, user names). Such instructions shall be on official Apple letterhead and, or, authenticated by Apple so that Mr. Leaf (and, if necessary, the Court) can rely thereon for accuracy and to take any corrective action(s) needed.

6. **Requested Changes to Decree of Divorce**. Ms. Ring has requested changes and, or, additions to language and orders in the Decree of Divorce. The Court declines to modify the Decree of Divorce and make such changes and, or, additions and, therefore, denies all of those requests, including, but not limited to those set forth in Ms. Ring's pending post-decree motions and those specifically ruled on in this section 6.

a. **Spousal Support-Cohabitation Language**. The Court has declined to modify language in the Decree of Divorce about cohabitation or to add new additional language. So, the orders and provisions set forth in section 6., pages 13-14, of the Decree of Divorce relating to spousal support and cohabitation shall not be changed and shall remain in full force and effect as written therein.

b. **Quickbooks**. The Court has declined to revisit the disputes regarding the use and sharing of Quickbooks accounting software and records. So, Ms. Ring shall not be reimbursed by Mr. Leaf for any fees,

expenses, and, or, charges incurred by Ms. Ring as it relates to Quickbooks software, accounting, and tax and accounting records. In section 7.B. of the Decree of Divorce (on page 17), Ms. Ring was required inter alia, to transfer to Mr. Leaf all of the Quickbooks accounting software and records. See also section 12. (on pages 25-26) of the Decree of Divorce.

c. **Income-Tax Issues**. The agreements made by the parties, the orders of this Court, and the obligations of Mr. Leaf and Ms. Ring with respect to income-tax returns are set forth clearly and unambiguously in the Decree of Divorce, including in section 4. (on pages 8-9) and in section 16. (on pages 29-30) thereof, both of the parties shall comply with the orders in the Decree of Divorce.

d. **Dissolution of LLC**. Any and all requests by Ms. Ring to dissolve Milchan Properties, LLC and, or, Mikhan, LLC are denied and overruled. Each and both of the parties shall abide by and comply with the orders contained and set forth in the Decree of Divorce, as such orders are written, except only as otherwise provided in this Judgment Entry.

7. **Use of Telephone Number**. Within a reasonable time after the filing of this Judgment Entry, and weather permitting, Mr. Leaf has agreed to remove Ms. Ring's telephone number (which is her cellular telephone number) from his business sign(s).

8. **No Findings of Contempt**. The Court has declined to make any findings of contempt. Therefore, the Court denies and overrules the

respective requests and claims of Mr. Leaf and Ms. Ring for such findings and to hold the other in contempt.

{¶14}  Defendant-Appellant now appeals.

## ASSIGNMENT OF ERROR

{¶15}  Appellant Rhonda Leaf sets forth no assignments of error, as required by App.R.16(A)(3). Rather, in the Argument section of her brief, Appellant set forth the following:[1]

{¶16}  "THE COURT ERRED WHEN IT ALLOWED THE JUDGEMENT [SIC] TO BE FILED WITHOUT FIRST GIVING A COPY TO RHONDA J. RING (LEAF) DEFENDANT-APPELLANT PRO-SE PER RULE 28.02."

{¶17}  Although Appellant in the instant case has presented no assignments of error for our review, in the interest of judicial economy we shall construe the above to be an assignment of error for purposes of the disposition of this appeal.

## I.

{¶18}  Initially, we note that Appellant's brief submitted in support of this appeal presents no statement of facts, no references to the record of evidence, and cites no legal authority, as required by App.R.16(A)(7).

{¶19}  In providing guidance to appellate courts faced with vague matters such as that presented in the instant case, the Ohio Supreme Court has established that appellate courts, "[A]re not obligated to search the record or formulate legal arguments on behalf

---

[1] The Table of Contents and the Statement of Issues also contain numerous other assertions which are not separately delineated or argued elsewhere in her brief.

of the parties." *Risner v. Ohio Dept. of Nat. Res., Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28.

**{¶20}**  App.R. 12(A)(2) establishes that, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶21}**  In the instant case, the entirety of Appellant's argument, as set forth under IX. THE ARGUMENT and VIII. SUMMARY OF THE ARGUMENT, is as follows:

IX. THE ARGUMENT

A. The court erred when it allowed the judgement [sic] to be filed without first giving a copy to Rhonda J. Ring (Leaf) Defendant-Appellant Pro-Se per rule 28.02.

1. Standard of Review

This court reviews judgements [sic] as a matter of law and in this case Brian E. Leaf Plantiff-Appellee [sic] vs Rhonda J. Ring (Leaf) Defendant-Appellant-Pro Se, the judgment cannot be used as it is improperly written and served.

A motion to remove the judgement [sic] in its entirety is further requested.

2. Argument

It is evident that the Defendant-Appellant Pro Se was not served the judgement [sic] prior to it being filed and therefore should not be used as it is in error.

XIII. SUMMARY OF THE ARGUMENT

The evidence in this case shows that the Judgement [sic] was flied [sic] without following rule 28.02 and providing the judgement [sic] to Rhonda J. Ring Defendant-Appellant Pro Se prior to it being flied [sic].

The evidence also shows that there were items both left off of the judgment entry and put into the Judgement entry in error.

Therefore the evidence shows that the Timeshare should be either worked out in an Effectuated agreement, or the Defendant-Appellant Pro Se should be able to keep it since the Plantiff-Appellee [sic] does not want to share in it.

The Defendant-Appellant Pro Se should also be awarded half of the $44K that the Plantiff-Appellee [sic] removed from their joint account (TD into National Financial Services)

The Defendant-Appellant should also be awarded $700,000.00 in damages from Defamation of character.

(Appellant's Brief at 18-19).

{¶22} The local rule cited by Appellant, Delaware County Court of Common Pleas, Domestic Relations Division, Local Rule 28.02 Signature by Both Parties, which provides that "[a]ll judgment entries, magistrate orders, and magistrate decisions shall be signed by all attorneys of record and by any party not represented by an attorney …" is found under section Rule 28 Judgment Entries, Magistrate Orders and Magistrate Decisions Prepared By Attorneys/Parties and applies only to those entries, orders, and

decisions that the court has ordered a party, or counsel to prepare. As such, we find such rule to be inapplicable here.

**{¶23}** Other than this local rule, Appellant has not provided any support for her assertion.

**{¶24}** This Court finds that no statutory or common-law right of a party to review a court's judgment entry prior to its filing exists. Further, the trial court is not obligated to allow a party to review a judgment entry in advance of its filing.

**{¶25}** Additionally troublesome is the fact that Appellant failed to timely provide this Court with a written transcript of the audio recordings of either the December 13, 2021, or the February 2, 2022, proceedings in which she is alleging error occurred.[2]

**{¶26}** An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Such is necessary because an appellant bears the burden of demonstrating error by reference to matters within the record. *See*, *State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978).

---

[2] By Judgment Entry filed June 6, 2022, Appellant was permitted to supplement the record with a transcript of the audio recording of the February 2, 2022, hearing. Appellant filed a transcript on June 10, 2022, but failed to use an officially appointed court reporter as required by App.R. 9. which states that an officially appointed court reporter must transcribe an audio recording of a trial. *See City of Twinsburg v. Atkins,* 9th Dist. No. 20510, 2001-Ohio-1400. Without evidence in the record that a transcript of proceedings was prepared by an official court reporter of the Delaware County Court of Common Pleas, this Court could not consider the transcript in deciding the merits of the appeal. *See also, City of Akron v. Giermann,* 9th Dist. No. 20780, 2002-Ohio-2650 and *Citifinancial, Inc. v. Budzik,* 9th Dist. No. 02CA008155, 2003-Ohio-4149.

**{¶27}** This principle is embodied in App.R. 9(B), which states in relevant part:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. App.R. 9(B).

**{¶28}** Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. *State v. Ridgway*, 5th Dist. Stark No. 1998CA00147, 1999 WL 100349 (Feb. 1, 1999), citing *Knapp, supra.*

**{¶29}** Under the circumstances, a transcript of the proceedings is necessary for a complete review of the error alleged in Appellant's brief since Appellant is challenging the trial court's findings. As Appellant has failed to provide this Court with a transcript, we must presume regularity of the proceedings below and affirm.

**{¶30}** Accordingly, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.

By: Wise, John, J.
Wise, Earle, P. J., and
Baldwin, J., concur

JWW/kw 0912