[Cite as *Johnson v. Erbeck*, 2023-Ohio-3402.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| CHRISTINA JOHNSON, | : | | |
| Appellant, | : | | CASE NO. CA2023-05-038 |
| | : | | O P I N I O N |
| - vs - | | | 9/25/2023 |
| | : | | |
| BRADLEY ERBECK, et al., | : | | |
| Appellees. | : | | |

CIVIL APPEAL FROM MASON MUNICIPAL COURT
Case No. 21CVF00630

Christina Johnson, pro se.

Bruce D. Knabe, for appellee.

**S. POWELL, P.J.**

{¶ 1} Appellant, Christina Johnson, appeals the decision of the Mason Municipal Court granting the Civ.R. 12(B)(6) motion to dismiss filed by appellee, Dr. Bradley Erbeck, DDS, dismissing her dental malpractice claims levied against him. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On April 6, 2021, Johnson filed a complaint against Dr. Erbeck's dental

practice, Erbeck Family Dental, alleging two claims: one styled as a breach of an implied contract and the other styled as a claim of negligence. As set forth within her complaint, Johnson's claims arose from Dr. Erbeck's alleged failure to provide Johnson with certain dental treatment she requested he perform on June 25, 2020. This failure, according to Johnson, caused a delay in her receiving the dental treatment that she needed and, ultimately, in Johnson undergoing additional, more extensive dental treatment than what she would have otherwise needed. There is no dispute that Johnson did not attach an affidavit of merit to her complaint in accordance with Civ.R. 10(D)(2)(a), which provides:

> a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability.

{¶ 3} On April 26, 2021, Erbeck Family Dental moved to dismiss Johnson's complaint pursuant to Civ.R. 12(B)(6). To support its motion, Erbeck Family Dental alleged that, although styled as breach of an implied contract and negligence claims, Johnson's claims were in actuality claims for dental malpractice "arising out of her treatment or lack of treatment as the case may be," by Dr. Erbeck. Therefore, because Johnson's claims sounded in dental malpractice, and because Civ.R. 10(D)(2)(a) requires an affidavit of merit be attached to a complaint alleging a claim of dental malpractice, Erbeck Family Dental argued that Johnson's complaint should be dismissed.

{¶ 4} On July 16, 2021, the trial court issued a decision dismissing Johnson's complaint without prejudice. In so doing, the trial court noted its agreement with the argument advanced by Erbeck Family Dental, stating:

> Having reviewed the motion and memoranda, the Court concludes that Defendant is correct about the nature of Plaintiff's claim and the defect in her Complaint. Specifically, regardless of how Plaintiff postured the claim, it ultimately sounds in dental malpractice and is governed by the mandate

- 2 -

in * * * Civil Rule 10(D)(2).  Consequently, for reasons stated in Defendants' memoranda * * * this action is hereby dismissed *without prejudice* at Plaintiff's costs.

(Emphasis sic.)

{¶ 5}  On August 2, 2021, Johnson filed a notice of appeal from the trial court's decision.  The following month, on September 13, 2021, this court dismissed Johnson's appeal for lack of a final appealable order.  *Johnson v. Erbeck Family Dental Company*, 12th Dist. Warren No. CA2021-08-070 (Sept. 13, 2021) (Entry of Dismissal).  In so ruling, this court stated:

> An order is a final appealable order that may be reviewed, affirmed, modified, or reversed when the order affects a substantial right in an action which in effect determines the action and prevents a judgment.  R.C. 2505.02(B)(1).  Because the municipal court's order dismissed appellant's complaint without prejudice, the order does not determine the action or prevent a judgment and there is not a final appealable order.  This court does not have jurisdiction to review orders that are not final.

{¶ 6}  On October 25, 2021, Johnson filed an amended complaint, this time against both Dr. Erbeck and Erbeck Family Dental, alleging the same basic claims as in her original April 6, 2021 complaint.  Johnson also included within her amended complaint a claim of defamation against Dr. Erbeck.  That same day, on October 25, 2021, Johnson filed a motion for an extension of time to file an affidavit of merit in accordance with Civ.R. 10(D)(2)(a).  Johnson filed this motion pursuant to Civ.R. 10(D)(2)(b), which provides:

> The plaintiff may file a motion to extend the period of time to file an affidavit of merit.  The motion shall be filed by the plaintiff with the complaint.  For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

{¶ 7}  On November 22, 2021, both Dr. Erbeck and Erbeck Family Dental filed

- 3 -

motions to dismiss Johnson's amended complaint. Just like Erbeck Family Dental's original motion to dismiss, these motions were also filed pursuant to Civ.R. 12(B)(6). Both Dr. Erbeck and Erbeck Family Dental supported their motions by arguing, among other things, that Johnson's amended complaint must be dismissed because Johnson had once again not attached an affidavit of merit to her complaint as required by Civ.R. 10(D)(2)(a).

{¶ 8} Several months later, and after Johnson filed a motion requesting the trial court to issue a ruling on the matter, a trial court magistrate issued a decision granting both Dr. Erbeck's and Erbeck Family Dental's motions to dismiss. In so doing, the magistrate determined that, in regard to Erbeck Family Dental's motion to dismiss:

> By any reading of the Rule 12(B)(6) standards for dismissal, Johnson's claim against [Erbeck Family Dental] is easy to decide. Johnson seeks to recover against a corporation that did not exist until November 16, 2020. Yet, as stated in Paragraph 3 of Johnson's *Amended Complaint*, "All of the events recounted in this complaint took place between December 19 and July 2020 **BEFORE** registration as a corporation." (Original emphasis).
>
> Because the non-existent [Erbeck Family Dental] could have played no role in the events underlying Johnson's claims from late 2019 through July 2020, Johnson has not stated a claim against [Erbeck Family Dental, and its] motion to dismiss under Civil Rule 12(B)(6) is granted.

{¶ 9} The magistrate thereafter also granted Dr. Erbeck's motion to dismiss Johnson's defamation claim. The magistrate did this because, as set forth in the magistrate's decision:

> Johnson cannot identify any statement made by Dr. Erbeck that would qualify as defamation. Not only is Johnson unable to identify a **false** statement, she cannot identity **any** statement uttered by Dr. Erbeck. Johnson has her beliefs and she has made her assumptions, but none of that is evidence for a defamation claim.

(Bold text sic.)

{¶ 10} The magistrate then ruled, as it relates to Dr. Erbeck's motion to dismiss

Johnson's dental malpractice claims, the following:

> As noted on page one above, Johnson filed a motion for extension of time to file her Affidavit of Merit on the same day she filed her *Amended Complaint*. With this Magistrate unpersuaded that dismissal is required at this stage for any defense raised by Dr. Erbeck [i.e., a statute of limitations violation], the question of the necessity of the Affidavit of Merit remains.
>
> Consistent with a recent decision of this Court in another case addressing the necessity of an Affidavit of Merit where the need for expert testimony was disputed by the plaintiff, this Magistrate will grant Johnson 30 days from the date of the file stamp on this Decision or, if either party files an objection to this decision, 30 days from the date on the file stamp on any Order disposing of the Objections, to file [an] Affidavit of Merit in compliance with Civ.R. 10(D).

{¶ 11} On November 28, 2022, Johnson filed a motion entitled "Motion to Set Aside Magistrate's Order." In this motion, Johnson argued the magistrate erred by granting Dr. Erbeck's motion to dismiss her defamation claim against him. Johnson also noted within this motion that she would begrudgingly "comply" with the magistrate's decision requesting she provide the trial court with an affidavit of merit "so that the case can proceed." Johnson noted that she would do this even though she disagreed with the magistrate's decision finding her claims did not fall under the "common knowledge exception" to the affidavit of merit requirement set forth in Civ.R. 10(D)(2)(a). Johnson, however, requested the trial court provide her with "sufficient time to obtain the affidavit." Johnson also demanded the trial court "be reasonable in its 30-day requirement to provide the affidavit," because "[t]he requirement to provide the affidavit in less than 30 days after the case was 'under advisement' for well over a year puts [her] in an unfair position."

{¶ 12} On January 17, 2023, the trial court issued an entry denying Johnson's motion to set aside the magistrate's decision. The trial court instead affirmed and adopted the magistrate's decision in its entirety. In so holding, the trial court stated:

> This matter is before the court on [Johnson's] motion to set aside magistrate's order, filed November 28, 2022. The motion is **overruled**. The court agrees with the magistrate's analysis of the defamation claim and conclusion that the claim should be dismissed. The court also agrees with the magistrate's order that [Johnson] file her affidavit of merit within 30 days of the file stamp date on this order. However, this order is without prejudice to [Johnson's] seeking additional time if she can demonstrate her inability to obtain the affidavit within the 30-day period notwithstanding her diligent efforts to do so.

(Bold text sic.)

{¶ 13} On February 6, 2023, Johnson filed a motion entitled "Plaintiff Response to Judgment Entry to Adopt Magistrate Decision and Plaintiff Motion to Request Court to Issue Final Order." In this motion, Johnson expressly stated that she would *not* be providing the trial court with the necessary affidavit of merit so that her dental malpractice claims to proceed as required by Civ.R. 10(D)(2)(a). Johnson instead requested the trial court "issue a final judgment so that an appeal may be filed immediately." Five weeks later, on March 13, 2023, the trial court issued a judgment entry granting Dr. Erbeck's earlier Civ.R. 12(B)(6) motion to dismiss Johnson's dental malpractice claims levied against him. In so doing, the trial court stated:

> With Plaintiff now on record affirmatively stating her intention not to file an Affidavit of Merit, it is clear that Plaintiff has not met the condition for keeping her malpractice claims alive, and those claims should be dismissed. Consequently, Dr. Erbeck's motion to dismiss Plaintiff's claim for dental malpractice is hereby granted and this action is hereby dismissed with prejudice at Plaintiff's costs.

{¶ 14} On April 6, 2023, Johnson filed a notice of appeal from the trial court's decision. Johnson's appeal now properly before this court for decision, Johnson has raised three assignments of error for review.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT['S] MOTION

FOR 90-DAY EXTENSION TO OBTAIN AN AFFIDAVIT OF MERIT.

{¶ 17} In her first assignment of error, Johnson argues the trial court erred by denying her October 25, 2021 motion requesting a 90-day extension to file an affidavit of merit in accordance with Civ.R. 10(D)(2)(a). However, as the record indicates, Johnson has since made it known that she would not be filing any such affidavit with the trial court. Johnson did this as part of her February 6, 2023 motion titled "Plaintiff Response to Judgment Entry to Adopt Magistrate Decision and Plaintiff Motion to Request Court to Issue Final Order." Specifically, as Johnson stated within that motion, "Plaintiff will not provide the Court with an affidavit." Under these circumstances, we can find no error in the trial court's decision to deny Johnson's request for a 90-day extension that she requested in a motion she filed on October 25, 2021. This is particularly true here when considering the record is devoid of any evidence to indicate Johnson was denied the opportunity to file an affidavit of merit in the intervening 469 days between when she filed her October 25, 2021 and February 6, 2023 motions. "It is well-established that in order to support a reversal of a judgment, the record must show affirmatively not only that error occurred but that such error was to the prejudice of the party seeking reversal." *Heritage Realtors v. Kahmann*, 12th Dist. Warren No. CA92-09-082, 1993 Ohio App. LEXIS 2259, *8 (Apr. 26, 1993). The record in this case shows neither. Therefore, given the record properly before this court, Johnson's first assignment of error lacks merit and is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED BY CONSIDERING APPELLANT'S ORIGINAL COMPLAINTS OF NEGLIGENCE AND BREACH OF CARE AS MEDICAL MALPRACTICE REQUIRING AN AFFIDAVIT OF MERIT.

{¶ 20} In her second assignment of error, Johnson argues the trial court erred by construing her two claims, one styled as a breach of an implied contract and the other as a

claim of negligence, as dental malpractice claims that required her to file an affidavit of merit with the trial court in accordance with Civ.R. 10(D)(2)(a). This is because, according to Johnson, "[m]alpractice requires treatment or action," whereas her "complaint is negligence and breach of care" that "does not arise from the provision of dental treatment," but instead from "failing to treat her dental condition." However, contrary to Johnson's assertions, a claim of dental malpractice can be based on either a dentist's overt act *or* failure to act. *See Stewart v. Vivian*, 12th Dist. Clermont No. CA2015-05-039, 2016-Ohio-2892, ¶ 93 (setting forth the elements of a general medical malpractice claim), citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127 (1976), paragraph one of the syllabus; *see also* R.C. 2305.113(E)(6) (defining the term "dental claim" as used in Civ.R. 10[D][2][a] to mean "any claim that is asserted in any civil action against a dentist * * * that arises out of a dental operation or the dental diagnosis, care, or treatment of any person").

{¶ 21} This is why, in order to establish a claim of dental malpractice, the plaintiff can demonstrate either that the injury was proximately caused by a dentist's act *or* by a dentist's omission. *Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. Franklin No. 13AP-287, 2014-Ohio-1846, ¶ 23 (setting forth the specific elements of a dental malpractice claim to include a requirement that mandates the plaintiff show by a preponderance of the evidence that "injury was proximately caused by a dentist's act or omission" and that "the act or omission was one that a dentist of ordinary skill, care, and diligence would not have taken under like or similar conditions or circumstances"). Therefore, regardless of how Johnson may have styled her two claims within her complaint, the trial court did not err by recasting her breach of an implied contract and negligence claims as claims of dental malpractice that required her to file an affidavit of merit with the trial court in accordance with Civ.R. 10(D)(2)(a). Accordingly, Johnson's second assignment of error also lacks merit and is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE TRIAL COURT ERRED BY DISREGARDING THE COMMON KNOWLEDGE EXCEPTION PRESENTED BY THE APPELLANT.

{¶ 24} In her third assignment of error, seemingly as an alternative to the argument raised in her second assignment of error, Johnson argues the trial court erred by not applying the "common knowledge exception" to her dental malpractice claims, thereby obviating the need for her to file an affidavit of merit with the trial court pursuant to Civ.R. 10(D)(2)(a). We disagree.

{¶ 25} As noted above, Civ.R. 10(D)(2)(a) requires an affidavit of merit be attached to a complaint that alleges a claim of dental malpractice for each defendant who requires expert testimony to establish his or her liability. *See McHugh v. Frasher*, 7th Dist. Jefferson 18 JE 0020, 2019-Ohio-3733, ¶ 44. Specifically, 10(D)(2)(a) provides, in pertinent part, that:

> a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability.

{¶ 26} This requirement is designed to prevent the filing of medical claims that are not supported by an expert's opinion and deter plaintiffs from filing actions against all medical providers who furnished them with care. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 19. It is also "designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 10. The purpose behind the rule is therefore clear. *Washburn v. Ohiohealth Corp.*, 3d Dist. Marion No. 9-22-08, 2022-Ohio-4453, ¶ 19. It is "to deter the filing of frivolous medical-malpractice claims." *Fletcher.*

**{¶ 27}** There is an exception to this rule, however. This exception is generally referred to as the "common knowledge exception."[1] This exception applies in circumstances where the plaintiff's medical malpractice claim, including a claim of dental malpractice, is in actuality a claim of simple negligence given that it does not require the plaintiff to establish the appropriate standard of care and the proximate cause of his or her injury by expert testimony. *See Franks v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-442, 2013-Ohio-1519, ¶ 8. "Expert testimony is necessary to prove the elements of medical malpractice 'whenever those elements are beyond the common knowledge and understanding of the jury.'" *Adams v. Kurz*, 10th Dist. Franklin No. 09AP-1081, 2010-Ohio-2776, ¶ 11, quoting *Williams v. Lo*, 10th Dist. Franklin No. 07AP-949, 2008-Ohio-2804, ¶ 11. This occurs "'where the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill.'" *Rose v. Tievsky*, 2d Dist. Montgomery No. 29024, 2021-Ohio-3051, ¶ 46, quoting *Jones v. Hawkes Hosp. of Mt. Carmel*, 175 Ohio St. 503 (1964), paragraph one of the syllabus. The exception is therefore rather limited in its scope. *Chalmers v. HCR ManorCare, Inc.*, 6th Dist. Lucas No. L-16-1143, 2017-Ohio-5678, ¶ 37.

**{¶ 28}** Given these principles, it should come as no surprise that "'[r]elatively few courts in Ohio have found the common knowledge exception applicable so as to obviate the need for expert witness testimony on the malpractice issue.'" *Cunningham v. Children's Hosp.*, 10th Dist. Franklin No. 05AP-69, 2005-Ohio-4284, ¶ 20, quoting *Buerger v. Ohio Dept. of Rehab. & Corr.*, 64 Ohio App.3d 394, 399 (10th Dist.1989). This is likely because, as noted by the Tenth District Court of Appeals nearly 20 years ago, we live in a world of "increasing medical complexity." *Id.* Rather, "[m]ost of the cases in which courts have

---

1 Our research indicates this exception is also sometimes referred to as the "common knowledge and experience exception."

found the exception to apply involve falls in a medical facility." *Horn v. Cherian*, 8th Dist. Cuyahoga No. 111821, 2023-Ohio-931, ¶ 38. This may include an unattended patient falling from a bed or from a gurney. *Rose*, 2021-Ohio-3051 at ¶ 46; *Wallace v. OhioHealth Corp.*, 10th Dist. Franklin No. 18AP-279, 2018-Ohio-4293, ¶ 6. The exception did not apply, therefore, in a case where the "importance of comparing previous abnormal films" from a prior MRI was at issue because "[t]he field of radiology involves professional skill and highly technical scientific questions" and "is not within the common knowledge of jurors." *Rose* at ¶ 44, 47. Expert testimony would instead be needed to establish liability. *Id.*

{¶ 29} The field of dentistry also involves professional skill and highly technical scientific questions that are not within the common knowledge of jurors. This would include the question of whether Dr. Erbeck's refusal to provide Johnson with the dental treatment she requested he perform on June 25, 2020 fell below the appropriate standard of care. This would also include the question of whether Dr. Erbeck's refusal was the proximate cause of Johnson's purported injuries. This is because, generally speaking, the standard of care and skill expected of a dentist must be determined from the testimony of dental experts. *Adkinson v. Alex Bell Dental – Daniel Cobb DDS, L.L.C.*, 2d Dist. Montgomery No. 28708, 2020-Ohio-5269, ¶ 19.

{¶ 30} Turning then to the facts of this case, we find the trial court did not err by failing to apply the "common knowledge exception" to Johnson's dental malpractice claim levied against Dr. Erbeck. The trial court was instead correct in its decision finding Johnson was required to file an affidavit of merit pursuant to Civ.R. 10(D)(2)(a) before her dental malpractice claim against Dr. Erbeck could proceed. The trial court was also correct in its decision to grant Dr. Erbeck's motion to dismiss based on Johnson's apparent refusal to file the necessary affidavit of merit with her complaint as required by Civ.R. 10(D)(2)(a). Therefore, finding no error in the trial court's decision, Erbeck's third assignment of error

likewise lacks merit and is overruled.

{¶ 31} Accordingly, finding no merit to any of Johnson's three assignments of error raised herein, Johnson's appeal from the trial court's decision granting Dr. Erbeck's Civ.R. 12(B)(6) motion to dismiss is denied.

{¶ 32} Judgment affirmed.


PIPER and M. POWELL, JJ., concur.