[Cite as *St. John v. Univ. Hosps.*, 2025-Ohio-653.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

LARS ST. JOHN,                                  :

    Plaintiff-Appellant,              :

                           No. 114220

    v.                                            :

UNIVERSITY HOSPITALS, ET AL.,       :

    Defendants-Appellees.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-996502

---

***Appearances:***

Lars St. John, *pro se*.

Nelson Mullins Riley & Scarborough LLP, Dustin B. Rawlin, Erica M. James, and Kierstin R. Benanzer, *for appellees*.

---

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Lars St. John ("Lars") appeals the trial court's granting of the defendants-appellees Dr. Adrienne Callahan ("Callahan"), Dr. Kevin Cooper ("Cooper"), Robert Roseman ("Roseman"), and University

Hospitals' ("UH") (collectively "appellees") motion to dismiss Lars's complaint. We affirm the trial court's decision.

## I.    Facts and Procedural History

{¶2} On April 25, 2024, Lars filed a complaint against the appellees for bodily injury, medical negligence, fraud, discrimination, libel, slander, defamation, and breach of contract.  According to the facts in Lars's complaint, Dr. Callahan, a dermatologist, performed several procedures on Lars. Lars claimed that Dr. Callahan was negligent in her performance and was not qualified.  Lars also alleged that Dr. Callahan and UH discriminated against him, which lead to him being banned from UH's dermatology department.  Lars further alleged that the appellees discussed his medical conditions and treatment with other medical staff in breach of contract pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") regulations. Lars contended that the appellees included false information in his medical records, thus defaming him.

{¶3} On May 28, 2024, a case-management conference was scheduled for July 1, 2024.  On May 29, 2024, the appellees filed a motion to dismiss arguing that Lars failed to allege a claim upon which he may be granted relief.  The appellees also contended that Lars did not attach an affidavit of merit to support his claim.  The appellees further argued that although Lars alleged discrimination, he did not file a claim with the Ohio Civil Rights Commission.  Thereafter, Lars filed a motion for leave of court to amend Count II of the complaint on May 30,

2024. Also, on June 11, Lars filed a motion in opposition to appellee's motion to dismiss. On June 24, 2024, the case-management conference was cancelled.

{¶4} On July 10, 2024, the trial court granted the appellees' motion to dismiss, stating in its journal entry:

> Defendants' motion to dismiss filed on 5/29/24 is well-taken and granted costs to plaintiff. Final. Court cost assessed to the plaintiff(s). Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

Journal Entry No. 183738140 (July 10, 2024). At the time of the trial court's dismissal, the motion for leave to amend Count II of the complaint was still pending.

{¶5} Lars filed this appeal, assigning 13 errors for our review:

1. The trial court erred and abused its authority when it cancelled the case management conference meeting, then dismissing the case;

2. The trial court erred and abused its authority when stating defendant-appellees argument for subject matter jurisdiction was well taken;

3. The trial court erred and abused its authority when stating defendant-appellees argument for discrimination was well taken;

4. The trial court erred and abused its authority when stating defendants-appellees medical malpractice claim argument was well taken;

5. The trial court erred and abused its authority when stating defendant-appellees argument on plaintiff-appellant failed to identify a contract to support his breach of contract claim was well taken;

6. The trial court erred and abused its authority when stating defendants-appellees argument that plaintiff-appellant failed to allege that a defamatory statement was published to a third party was well taken;

7. The trial court erred and abused its authority when stating defendants-appellees argument on standard pleading claim was well taken;

8. The trial court erred and abused authority by failing to give a decision on plaintiff-appellant motions, demonstrating racial bias towards the appellant;

9. The trial court erred and abused its authority by not applying a question of law to its decision;

10. The trial court erred and abused its authority by dismissing appellant case under a sua sponte disguised as a de novo decision;

11. The trial court erred and abused its authority depriving plaintiff-appellant from substantive and procedural due process;

12. The trial court erred and abused its authority via using an incorrect review standard for Civ.R. 12(B)(6); and

13. The trial court erred and abused its authority denying plaintiff-appellant motion to order defendants-appellees to send all legal documents via U.S. mail.

## II. Standard of Review

{¶6} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Walas v. Leone*, 2024-Ohio-4791, ¶ 40 (8th Dist.). We review a trial court's decision to grant a Civ.R. 12(B)(6) motion to dismiss de novo, i.e., we undertake an independent review of the record and accord no deference to the trial court's decision.

*Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5; *Walas* at ¶ 43; *Hendrickson v. Haven Place, Inc.*, 2014-Ohio-3726, ¶ 12 (8th Dist.).

**{¶7}** "When considering a Civ.R. 12(B)(6) motion to dismiss, the court's review is generally limited to the four corners of the complaint along with any documents properly attached to or incorporated within the complaint." *High St. Properties L.L.C. v. Cleveland*, 2015-Ohio-1451, ¶ 17 (8th Dist.), citing *Glazer v. Chase Home Fin. L.L.C.*, 2013-Ohio-5589, ¶ 38 (8th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) ("When a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion."). The court must accept the material factual allegations of the complaint as true and construe all reasonable inferences to be drawn from those facts in favor of the nonmoving party. *See, e.g., Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995); *Walas* at ¶ 40. For a party to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the face of the complaint that the plaintiff can prove no set of facts entitling the plaintiff to relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975); *Walas* at ¶ 41. If there is "'a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *High St. Properties* at ¶ 16, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). "A Civ.R. 12(B)(6) motion does not test the merits of a claim." *Walas* at ¶ 42, citing *Filo v. Liberato*, 2013-Ohio-1014, ¶ 15 (7th

Dist.). Thus, "[a] court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail." (Cleaned up.) *Walas* at ¶ 42.

### III. Law and Analysis

{¶8} We will review Lars's assignments of error two, three, four, and five together, because they can be condensed into one argument: the trial court erred when it dismissed his complaint. Lars filed a complaint against the appellees for bodily injury, medical negligence, fraud, discrimination, libel, slander, defamation, and breach of contract.

{¶9} Civ.R. 10(D)(2)(a) requires any complaint that contains a medical claim to be accompanied by an affidavit of merit. "An affidavit of merit is required to establish the adequacy of the complaint[.]" Civ.R. 10(D)(2)(d). The Supreme Court of Ohio has recognized that the purpose of Civ.R. 10(D)(2) is "to deter the filing of frivolous medical-malpractice claims" and "to place a heightened pleading requirement on parties bringing medical claims." *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 10, 12. "The proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Id*. at paragraph one of the syllabus. *See Adkins v. Women's Welsh Club of Am.*, 2019-Ohio-70, ¶ 9.

{¶10} Lars did not file an affidavit of merit. Thus, the trial court did not err in dismissing his claims for bodily injury, medical negligence, and breach of contract in violation of HIPAA. *See, e.g., Johnson v. Erbeck*, 2023-Ohio-3402,

¶ 20 (12th Dist.) (breach-of-contract claims against medical professionals fall under medical malpractice and an affidavit of merit is therefore required).

{¶11} Lars argued that the appellees discriminated against him based on his race when they banned him from the UH Dermatology Department. R.C. 4112.02(G) prohibits "a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race . . . the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation."

{¶12} Before bringing a complaint under R.C. 4112.02 against a party, Lars must first exhaust his administrative remedies. *See Glenn v. Trumbull Cty. Commrs.*, 2024-Ohio-1114, ¶ 69 (11th Dist.); *Showman v. Q Corp. Holdings, LLC*, 2024 U.S. Dist. LEXIS 6423 (N.D. Ohio Jan. 12, 2024). R.C. 4112.05(B)(1) provides, in part: "[A]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." Additionally, "the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed." *Id.*

{¶13} Lars has not demonstrated that he filed a charge with the Ohio Civil Rights Commission. A claim for racial discrimination under R.C. 4112.02(G) must be dismissed for lack of subject-matter jurisdiction if a plaintiff fails to exhaust their administrative remedies under R.C. 4112.05. *See Woods v. The Limited*, 1979

Ohio App. LEXIS 8640 (2d Dist. June 26, 1979). Thus, the trial court did not err when it dismissed Lars's discrimination claim.

{¶14} For the remaining assignments of error, Lars fails to provide statements of facts relevant to the assignments of error presented for review, with appropriate references to the record as required by App.R. 16(A)(6). Rather, Lars simply restates the assignments of error. Lars also does not provide an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies required by App.R. 16(A)(7).

{¶15} "An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) 'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Baxter v. Thomas*, 2015-Ohio-2148, ¶ 55 (8th Dist.), quoting *Rodriguez v. Rodriguez*, 2009-Ohio-3456, ¶ 6 (8th Dist.). "It is not the duty of this court to search the record for evidence to support an argument supporting any alleged error." *Id.*, citing *Rodriguez* at ¶ 7.

{¶16} In providing guidance to appellate courts faced with vague matters such as that presented in the instant case, the Ohio Supreme Court has established that appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the parties." *Risner v. Ohio Dept. of Natural. Resources, Ohio Div. of Wildlife*, 2015-Ohio-3731, ¶ 28. "App.R. 12(A)(2) establishes that, 'the

court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Leaf v. Leaf*, 2022-Ohio-3301, ¶ 20 (5th Dist.), quoting App.R 12(A)(2). As such, we disregard these assignments of error.

{¶17} Therefore, Lars's second, third, fourth, and fifth assignments of error are overruled, and the remaining assignments of error are disregarded.

{¶18} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
DEENA R. CALABRESE, J., CONCUR