DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark Figetakis, appeals the decision of the Summit County Court of Common Pleas issuing foreclosure rulings against Appellant, failing to offset the amount of a bank loan, dismissing his cross claim, and denying his motion for a new trial. We affirm in part, reverse in part, and remand.
 {¶ 2} While the factual and procedural history of this case is lengthy and complex, this Court recites only the facts necessary to this Appeal. Appellant entered into a security agreement with Appellee in February, 1991, secured by Appellant's property. Appellant failed to repay Appellee in accordance with the agreement, and in 1998, the trial court found that Appellant owed Appellee $134,276.14. In 1999, the trial court reduced the amount Appellant owed Appellee to $119,157.15 and entered judgment in that amount in favor of Appellee.
 {¶ 3} Appellee filed a third party complaint for foreclosure, which the trial court dismissed for failure to name a necessary party. In 2004, Appellee filed a third amended complaint to include a cause of action for foreclosure; this complaint forms the basis of the instant appeal. The trial court found in favor of Appellee on his complaint and against Appellant on a counterclaim he had filed against Appellee. Further, on April 4, 2005, the trial court dismissed Appellant's cross claim against Valentina Gordon.
 {¶ 4} Appellant now asserts seven assignments of error for our review. To facilitate ease of discussion, we will consider some of the assignments of error together and out of order.
 ASSIGNMENT OF ERROR I
"The trial court erred in its February 3, 2005 Judgment by proceeding and issuing foreclosure rulings in favor of Appellee, William J. Gordon, when that court had no jurisdiction because [Appellee's] same foreclosure claim was "Dismissed with Prejudice" on May 26, 1999 in Summit County Common Pleas Case No. 97-042-950; such dismissal constituting res judicata, precluding any retrial of Appellee's foreclosure cause of action."
 {¶ 5} In his first assignment of error, Appellant maintains that the trial court erred by proceeding and issuing foreclosure rulings. Appellant claims that since Appellee's prior foreclosure claim was dismissed with prejudice on May 26, 1999, the trial court was precluded from exercising jurisdiction on the same foreclosure action, as the second action was precluded by the application of res judicata. We disagree.
 {¶ 6} Judge Bond's May 26, 1999, judgment entry states that "[t]he third-party complaint of Third-Party Plaintiff William J. Gordon, Jr. in foreclosure is dismissed with prejudice for failure to name a necessary party." Even though the trial court stated that the complaint was dismissed with prejudice for failure to name a necessary party, we find that the action was not resolved on its merits and thus, res judicata does not apply to bar a timely filed subsequent action.
 {¶ 7} The general rule in Ohio is that "a dismissal by court order is a dismissal on the merits." Manohar v. Massillon Community Hospital
(1997) 122 Ohio App.3d 715, 719. However, when the court expresses the reasoning for the dismissal, then "the findings and conclusions as stated in the * * * opinion override the effect of the phrase `dismissed with prejudice' and support the conclusion that the decision was made on grounds other than on the merits." Metmor Fin. v. Slimmer (May 17, 1996), 11th Dist. No. 95-T-5341, at 10-11. In the instant case, the trial court expressly dismissed the action for failure to join a party. Civ. R. 41(B)(4)(b) provides that a dismissal for "failure to join a party under Civ. R. 19 or Civ. R. 19.1" and operates "as a failure otherwise than on the merits[.]"
 {¶ 8} "[T]he principle of res judicata * * * is that `a final judgment or decree rendered upon the merits * * * by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies[.]"' State ex rel. Schneider v. Board ofEducation (1988), 39 Ohio St.3d 281, 281-282, quoting Johnson's Island,Inc. v. Bd. of Twp. Trustees (1982), 69 Ohio St. 2d 241, 243. Thus, if a previously filed action was dismissed upon the merits, res judicata operates as `"a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."'Brown v. City of Dayton (2000), 89 Ohio St.3d 245, 247, quoting Johnson'sIsland, Inc. v. Danbury Twp. Bd. of Trustees (1982), 69 Ohio St.2d 241,243.
 {¶ 9} In the case at hand, the previous action was not dismissed upon the merits; it was dismissed pursuant to Civ. R. 41(B)(4). Consequently, the doctrine of res judicata does not apply to bar a second action. We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in its February 3, 2005 Judgment by finding that Valentina Gordon had dower rights in the property when she relinquished her dower rights in the Security Agreement between the parties dated February 22, 1991, which finding is contrary to the weight of the evidence and constitutes and abuse of discretion."
 {¶ 10} In his second assignment of error, Appellant claims that the trial court erred in finding that Mrs. Gordon had a dower right. Appellant asks, in light of the trial court's incorrect finding, that the judgment be reversed.
 {¶ 11} Both Appellant and Appellee agree that Valentina Gordon had waived any dower rights that she may have had when she signed the Security Agreement. Thus, the trial court incorrectly adopted Judge Bond's finding that "Mrs. Gordon is vested with a dower interest in the Yellow Creek property."
 {¶ 12} Appellant argues, and we agree, that the finding of the trial court was harmless error. The lower court attached no value to the dower interest and did not require distribution to Mrs. Gordon of the proceeds of the foreclosure sale. Mrs. Gordon is not pursuing any claim of dower in light of her waiver. Appellant does not advance any arguments as to how he suffered prejudice from the trial court's findings.
 {¶ 13} Crim. R. 52(A) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Previously, we held that "this court may not reverse the trial court unless a substantial right is affected and substantial justice served." Abram v. Nelson (April 27, 1994), 9th Dist. No. 93CA005705, at 2, citing Leichtamer v. American Motors Corp. (1981),67 Ohio St.2d 456, 474-75. As Mrs. Gordon is not pursuing any claim of dower, no value was attached to the dower interest, no distribution to Mrs. Gordon was ordered, and Appellant does not even advance any arguments as to how he was prejudiced by the trial court's findings, we do not find that any of his substantial rights were affected. Therefore, any error on behalf of the trial court is harmless. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court abused its discretion and erred by requiring that Appellant, Mark Figetakis, proceed to trial on January 27, 2005 without legal counsel and while physically impaired by a life threatening aneurysm, when two physicians recommended against such participation by Figetakis at that time because of his health problem."
 {¶ 14} In his third assignment of error, Appellant maintains that the trial court erred in denying his motion for a continuance. However, as in his second assignment of error, Appellant fails to set fourth any allegations of prejudice that he may have suffered as a result of the trial court's failure to grant the requested continuance.
 {¶ 15} App. R. 12(D) provides that a judgment or final order of a trial court may be reversed upon a finding that Appellant suffered prejudice as a result of the assigned error. In this case, Appellant has not argued that he was prejudiced by the trial court's alleged error, thus, under App. R. 12(D), we cannot reverse the judgment of the trial court. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred by failing to set off the amount of the lien/mortgage to Ohio Savings Bank unlawfully placed on the property, really owned by Figetakis, by Appellee William Gordon, against the adjudicated debt Appellant Figetakis owes Appellee Gordon."
 {¶ 16} In his fourth assignment of error, Appellant argues that the trial court erred by failing to set off the amount due to Ohio Savings Bank. Appellee agrees that "[t]he order of distribution should reflect that payment of Ohio Savings' mortgage should be credited against the amount due Gordon."
 {¶ 17} In its February 3, 2005, judgment entry, the trial court ordered that "the equitable interest of Gordon be foreclosed on the Yellow Creek Property[.]" and ordered the Sheriff, upon confirmation of the foreclosure sale to pay, from the proceeds of the foreclosure sale, "Ohio Savings Bank, the sum of $85,656.35 plus interest at the rate of 6.5% per annum from November 16, 2004." From the sale of the property, the Sheriff was also directed to pay to Appellee, Gordon, over $140,000.00 representing prior debts and advancement made for delinquent real estate taxes.
 {¶ 18} As both parties agree that the money owed to Ohio Savings Bank should be credited against the amount Appellant Figitakis owes Gordon from the sale of Figitakis' property, we find that the trial court erred in not so holding.
 {¶ 19} Accordingly, we affirm Appellant's fourth assignment of error, and remand for the trial court to amend its judgment entry to reflect the set-off.
 ASSIGNMENT OF ERROR VI
"The trial court erred and abused its discretion by denying Appellant['s] Motion for New Trial when even Appellee admitted that the court's February 3, 2005 Judgment was incorrect and that the trial court should reopen the Judgment and correct that Judgment."
 {¶ 20} In his sixth assignment of error, Appellant argues that as both parties to the instant litigation agree that the trial court's February 3, 2005, judgment entry was incorrect, that he should be entitled to a new trial. We disagree. As we affirmed Appellant's fourth assignment of error and have remanded this action back to the trial court to correct the judgment entry, we find that Appellant's sixth assignment of error is moot.
 {¶ 21} Given this court's resolution of Appellant's fourth assignment of error, his sixth assignment of error is rendered moot, and we decline to address it. See App. R. 12(A)(1)(c).
 ASSIGNMENT OF ERROR V
"The trial court abused its discretion and authority by dismissing Appellant's cross claim against Valentina Gordon for failure to appear at a hearing because of [Appellant's] confusion over the effect of his filing a notice of appeal, without providing proper notice thereof to Appellant[.]"
 ASSIGNMENT OF ERROR VII
"The trial court committed reversible error by arbitrarily refusing to grant Appellant's Motion for Default against [Appellee] when she had failed to file an answer."
 {¶ 22} In his fifth and seventh assignments of error, Appellant claims that the trial court erred in dismissing his cross claim against Valentina Gordon, and further erred by not granting his motion for default judgment against Mrs. Gordon. Above we found that Mrs. Gordon is not pursuing any claim of dower, that the trial court did not attach any value to her dower interest, and no distribution to Mrs. Gordon was ordered. In light of the above findings, we cannot see how Appellant was prejudiced as a result of the dismissal of his cross claim against Mrs. Gordon, or how prejudice resulted from the trial court's failure to grant Appellant's default motion. Thus, we find Appellant's fifth and seventh assignments of error not well taken. See App. R. 12.
 {¶ 23} Appellants first, second, third, fifth, sixth, and seventh assignments of error are overruled. His fourth assignment of error is affirmed. We affirm in part, reverse in part and remand.
Judgment affirmed in part, reversed in part, and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to both parties equally.
Exceptions.
Whitmore, J. Batchelder, J. Concur