[Cite as *Weiler v. Technipower, Inc.*, 2023-Ohio-465.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHAWN WEILER,                               :

    Plaintiff-Appellant,                :

                                   No. 111729

    v.                                  :

TECHNIPOWER INC.,
A GEORGIA CORP.,                            :

    Defendant-Appellee.                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-958414

---

### *Appearances:*

Shawn Weiler, *pro se.*

Barnes & Thornburg, LLP, and Douglas M. Oldham, *for appellee.*

ANITA LASTER MAYS, A.J.:

{¶ 1}  Plaintiff-appellant Shawn Weiler ("Weiler") appeals the trial court's decision granting defendant-appellee Technipower Inc.'s, a Georgia Corp. ("Technipower"), motion to dismiss.  We affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On January 18, 2022, Weiler filed a complaint against Technipower for discovery.  According to Weiler's complaint, Technipower is a staffing agency who places employees with its clients.  Weiler claims that he was contacted by an employee of Technipower, who reached out to him concerning a possible position of employment.  Weiler expressed an interest in the position.  Weiler claims that Technipower stopped responding to his communications, prompting him to file an action against Technipower.

{¶ 3}  In Weiler's complaint, he acknowledged that he does not know the client that posted the position with Technipower and thus commenced a civil action against Technipower for the information.  Weiler requested the name, address, and registered agent of the company who posted the position.  Weiler stated that his request is necessary so that he can initiate a civil action against Technipower and the company that hired Technipower to fill the position of employment.

{¶ 4}  On January 21, 2022, Weiler filed a motion for temporary restraining order stating that he is unemployed and that he wants the job that Technipower told him was available.  Weiler again requested the name of the company that hired Technipower to recruit for the position.  Weiler stated in his motion that he was a

good match for the job and that he was suffering irreparable economic loss while waiting to work. Attached to Weiler's motion for temporary restraining order was the email that a representative of Technipower sent him concerning the position. The email, dated December 20, 2021, stated:

> Hello! I hope you are doing well. I wanted to reach out to you regarding a Remote Electrical Designer role we have open. The company is an MEP firm looking for someone who can design power and lighting utilizing Revit. Are you open to new roles at this time? Thank you!

{¶ 5} According to Weiler, after he expressed interest in the position, Technipower ceased further contact. As a result, Weiler sent Technipower a message on January 13, 2022, stating:

> Hello, I was contacted by email concerning a position of Remote Electrical Designer last month by [your representative]. I require the name and business address of your client who hired you to fill this role. Refusing and thus delaying legal proceedings will result in me seeking damages in court. I expect an answer within two hours. Sincerely, Shawn Weiler.

{¶ 6} On January 26, 2022, the trial court denied Weiler's motion for temporary restraining order. Journal entry No. 120810442 (Jan. 26, 2022). On February 10, 2022, Technipower filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Weiler failed to state a claim upon which relief can be granted. Technipower stated that although Weiler claims that he has a cause of action against Technipower and its client, Weiler does not state what the cause of action is.

{¶ 7} On March 14, 2022, Weiler filed a motion for default judgment. In his motion, Weiler argued that Technipower had failed to serve its answer to his amended complaint within 14 days. On March 15, 2022, the trial court dismissed Weiler's motion for default judgment and rendered Technipower's motion to dismiss as moot. The trial court then ordered Technipower to answer or respond to Weiler's amended complaint no later than March 31, 2022. Journal entry No. 121904678 (Mar. 15, 2022). On March 23, 2022, Technipower filed its motion to dismiss the amended complaint. On March 30, 2022, Weiler filed an opposition to Technipower's motion to dismiss the amended complaint and requested a hearing on the motion. On May 5, 2022, Weiler filed a motion for a hearing stating due process requirements. The trial court set a hearing date of June 14, 2022.

{¶ 8} The hearing occurred on that date, and the trial court rendered its decision on June 27, 2022, granting Technipower's motion to dismiss. The trial court, in its journal entry, stated:

> "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Doe v. Cleveland Metro. School Dist.*, 2012-Ohio-2497, 972 N.E.2d 637, ¶ 20 (8th Dist.) (quoting *State Ex Rel. Hanson v. Guernsey City Bd, of Commrs.*, 65 Ohio St.3d 545, 548, 1992 Ohio 73, 605 N.E.2d 378 (1992). "As long as there is a set of facts, consistent with the plaintiffs complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).
>
> In consideration of this motion, the court has presumed all factual allegations of the complaint as true and made all reasonable inferences in favor of the non-moving party. The court finds that

plaintiff fails to state any cognizable claim upon which relief can be granted. Specifically, plaintiff fails to aver sufficient facts in his complaint to reveal a potential viable cause of action against either Technipower, Inc, or its client. Accordingly, defendant's motion to dismiss amended complaint, filed 3/23/2022, is granted. Plaintiff's claims against defendant are dismissed with prejudice.

Court cost assessed to the plaintiff(s).

Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

Journal entry No. 125463041 (June 27, 2022).

{¶ 9} After the trial court dismissed Weiler's case, he filed this appeal and assigned one error for our review:

The trial court erred in granting the defendant-appellee's motion to dismiss with regards to plaintiff-appellant's claim of failure to hire in violation of public policy.

## II. Pro Se Appellant

{¶ 10} We recognize that Weiler is proceeding pro se, without the advice of a licensed attorney. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). *See also Fleming v. Shelton*, 8th Dist. Cuyahoga No. 108660, 2020-Ohio-1387, ¶ 9.

## III. Motion to Dismiss

### A. Standard of Review

{¶ 11} An appellate court reviews a motion to dismiss under Civ.R. 12(B)(6) as follows:

> Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.

(Citations omitted.) *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.).

{¶ 12} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted where it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [him] to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

### B.    Law and Analysis

{¶ 13} In Weiler's sole assignment of error, he argues that the trial court erred by granting Technipower's motion to dismiss. Weiler further claims that he has a constitutional right to acquire and possess property and that as a member of the public he was entitled to be employed by a corporation. However, Weiler does not cite any legal authority that supports his right to employment by a specific corporation.

> App.R. 16(A)(7) requires an appellant to assert "[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This court may disregard an assignment of error where an appellant fails to support his or her argument with citation as required by App.R. 16(A). App.R. 12(A)(2); *State v. Lawshea*, 8th Dist. Cuyahoga No. 101895, 2015-Ohio-2391, ¶ 51 (failure to provide legal authority in support of argument, alone, is sufficient ground to overrule assignment of error).

*State v. Banks*, 8th Dist. Cuyahoga No. 108166, 2020-Ohio-3029, ¶ 18.

{¶ 14} While we may agree with Weiler that he has a right to work, he does not have a right to be employed by a specific employer. Additionally, Technipower is not keeping Weiler from obtaining or maintaining employment. Weiler states that his action is a failure to hire in violation of public policy. However, he does not state a specific public policy that has been violated. Weiler cites legal authority that refers to employees that have been discharged from their employment. However, Weiler was never an employee of the company, Technipower or its unnamed client, nor was he discharged. The arguments are not analogous and the case law provided does not apply. Also, random usage of passages from the U.S. Constitution do not serve as legal authority to support Weiler's contentions. *See, e.g., Widok v. Estate of Wolf*, 8th Dist. Cuyahoga No. 108717, 2020-Ohio-5178, ¶ 31.

{¶ 15} We determine that there were never any promises of employment made to Weiler. There is no evidence in the record that Weiler was ever interviewed or offered the position he referenced or that Technipower ever made any guarantees to Weiler about an employment offer or position. In reviewing the facts most

favorable to Weiler, we conclude that the trial court did not err in granting the motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 16} Therefore, Weiler's assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MARY EILEEN KILBANE, J., CONCUR