[Cite as *Deckman v. Joseph*, 2025-Ohio-2360.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALEC DECKMAN, :

    Plaintiff-Appellant, :

                               No. 113892

    v. :

KIM JOSEPH, ET AL., :

    Defendants-Appellees. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2023 ADV 278409

---

### *Appearances:*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellant*.

McDonald Hopkins LLC, Franklin C. Malemud, and David L. Drechsler, *for appellees*.

LISA B. FORBES, J.:

{¶ 1} Alec Deckman ("Alec") appeals the probate court's judgment entry granting Kim Joseph ("Kim") and Michelle Silverstein's ("Michelle")(collectively,

"Defendants") motion to dismiss. For the following reasons, we affirm the probate court's decision.

## I. Factual Background and Procedural History

{¶ 2} At the center of this case is a $500,000 life insurance policy ("Policy") that the now-deceased William Deckman ("Decedent") purchased from Genworth Life and Annuity Insurance Company ("Genworth"). Decedent's son, Alec, claims that he is a beneficiary of the Policy; however, the proceeds of the Policy were paid to his cousins Kim and Michelle.

{¶ 3} On October 27, 2023, Alec filed his first amended complaint, raising five claims. He requested compensatory damages in claims for undue influence (Count 1) and breach of fiduciary duty (Count 2). Alec sought a declaratory judgment (Count 3), asserting that he was the lawful beneficiary of the Policy and that Defendants were not lawful beneficiaries. Alec asked the court to impose a constructive trust over the Policy proceeds in his favor and to prevent Defendants from disposing the proceeds without satisfying his interest in them (Count 4). Lastly, Alec requested a full accounting of Decedent's assets (Count 5).

### A. Factual Allegations in the Amended Complaint

{¶ 4} In support of these claims, Alec alleged the following. Alec claimed that he is an individual of full age and majority. Decedent took out the Policy in 1999. The application for the Policy identifies Alec's mother, Allison Deckman ("Allison"), as the primary beneficiary. A copy of the application and an insurance policy were attached to the amended complaint, though the amended complaint

asserts only that a "true and accurate copy of the Decedent's application for the Policy is attached."

{¶ 5} Allison and Decedent filed for divorce in Tennessee in 2014. A divorce decree was entered in 2016. An order including a parenting plan was entered in 2019. Alec averred that, "[a]s a part of the divorce proceedings, Decedent agreed to maintain a $500,000 life insurance policy while he had support obligations related to Plaintiff and his brother, Matthew."

{¶ 6} Alec alleged that, according to Kim, Decedent had "significant health problems in early 2019," including at least one stroke and cardiovascular issues. In addition, Decedent's memory deteriorated. A medical-examination report prepared "no later than February 20, 2019" declared Decedent "incompetent" and supported appointing a conservator. Alec alleged, "At some point in early 2019, Decedent was transported [from Tennessee] to Ohio for medical care."

{¶ 7} According to the amended complaint, "[o]n April 15, 2019[,] Kim drove Decedent to an attorney's office so he could execute a Durable General Power of Attorney (the 'POA')," giving Kim the power to "among other things, change beneficiaries on Decedent's accounts." Kim then made herself the beneficiary of the Policy. Following Decedent's death on June 27, 2022, Kim submitted a claim to Genworth, which paid Kim the Policy proceeds of $502,202.32. Kim split the Policy proceeds with Michelle.

### B. Motion to Dismiss

**{¶ 8}** On November 20, 2023, Defendants moved to dismiss Alec's first amended complaint, arguing that the Probate Division of the Cuyahoga County Court of Common Pleas lacked jurisdiction over this dispute, which "should be heard by a Tennessee Court and in the alternative, Plaintiff lacks standing." Defendants also argued that Alec had failed to name necessary and indispensable parties, namely Allison and Alec's brother, Matthew. Finally, Defendants argued that Alec's claim for an accounting should be dismissed "by way of summary judgment" because Defendants had already provided an accounting. Alec opposed Defendants' motion.

**{¶ 9}** On April 18, 2024, the probate court issued a journal entry granting the motion to dismiss. Alec appealed arguing the trial court erred as a matter of law by dismissing his first amended complaint.

## II. Law and Analysis

### A. Lack of Standing – Undue Influence and Breach of Fiduciary Duty

**{¶ 10}** The court did not err in dismissing Alec's claims for undue influence and breach of fiduciary duty for lack of standing. "A motion to dismiss for lack of standing is treated as a motion to dismiss pursuant to Civ.R. 12. Specifically, a lack of standing may be properly raised in a motion to dismiss premised on Civ.R. 12(B)(6)." *Deutsche Bank Natl. Trust Co. v. Rudolph*, 2012-Ohio-6141, ¶ 18 (8th Dist.).

{¶ 11} The "standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo." *Weiler v. Technipower Inc.*, 2023-Ohio-465, ¶ 11 (8th Dist.), citing *NorthPoint Props. v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.). Accordingly, when ruling on a Civ.R. 12(B)(6) motion, "we undertake an independent review of the record and accord no deference to the trial court's decision." *Lars St. John v. Univ. Hosps.*, 2025-Ohio-653, ¶ 6 (8th Dist.), citing *Hendrickson v. Haven Place, Inc.*, 2014-Ohio-3726, ¶ 12 (8th Dist.).

{¶ 12} A Civ.R. 12(B)(6) motion "'tests the sufficiency of the complaint.'" *Weiler* at ¶ 11, quoting *Petticord* at ¶ 11. In ruling on a Civ.R. 12(B)(6) motion, we "'accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.'" *Id.*, quoting *id.* A court "may grant a motion to dismiss for failure to state a claim upon which relief can be granted where it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [him] to relief.'" *Weiler* at ¶ 12, quoting *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.).

{¶ 13} "A trial court's review of a Civ.R. 12(B)(6) motion to dismiss is limited to the four corners of the complaint along with any documents properly attached to, or incorporated within, the complaint." *Szewczyk v. Century Fed. Credit Union*, 2022-Ohio-1683, ¶ 16 (8th Dist.), citing *Glazer v. Chase Home Fin. L.L.C.*, 2013-Ohio-5589 ¶ 38 (8th Dist.).

{¶ 14} Civ.R. 10(C) states that a "written instrument attached to a pleading becomes part of the pleading." "However, 'not every document attached to a

pleading constitutes a Civ.R. 10(C) written instrument.'" *Reynolds v. Kamm*, 2023-Ohio-3797, ¶ 15 (8th Dist.), quoting *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17 (8th Dist.). "Rather, a written instrument 'has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts."'" *Id.*, citing *id.*, quoting *Inskeep v. Burton,* 2008-Ohio-1982, ¶ 17 (2d Dist.).

{¶ 15} With regard to the trial court's conclusion that Alec lacked standing to bring his undue-influence and fiduciary-duty claims, Alec argues on appeal, among other things, that Defendants raised matters outside the first amended complaint in seeking dismissal, which is inappropriate in connection with a motion under Civ.R. 12(B)(6); that he has standing because he "is complaining that all of the monies that should have gone to him and his brother from their Dad, instead went to his cousins"; that the trial court misapplied Civ.R. 12(B)(6); that the trial court failed to accept contentions in the amended complaint as true; and that the trial court engaged in "hyper-technical slicing and dicing of allegations and contentions." We disagree with Alec's arguments.

{¶ 16} "Before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 2007-Ohio-5024, ¶ 27. Standing is "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Id.*, citing *Black's Law Dictionary* (8th Ed. 2004). "Standing is determined as of the commencement

of the action." *Groveport Madison Local Schools Bd. Of Edn. v. Franklin Cty. Bd. Of Revision*, 2013-Ohio-4627, ¶ 26.

{¶ 17} "'Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged . . . a personal stake in the outcome of the controversy.'" (Cleaned up.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). "Traditional standing principles require litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.'" *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7, quoting *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22.

{¶ 18} Looking solely at the amended complaint and the documents properly attached to it, such as the application for insurance, as we must in conducting analysis under Civ.R. 12(B)(6), Alec has not alleged an injury traceable to Defendants' conduct. In his claim for undue influence, Alec alleged that "Kim exerted undue influence upon Decedent to have him designate her as the sole beneficiary of the Policy." In his claim for breach of fiduciary duty, Alec averred that "Kim breached her fiduciary duties to Plaintiff by making arrangements for Decedent to designate her as the sole beneficiary related to the Policy."

{¶ 19} However, Alec failed to plead facts that, if proven, would demonstrate that Alec would have had a right to benefit from the Policy had Kim not made herself

its beneficiary. Alec alleged only that his father took out a life insurance policy, that his mother was named as the primary beneficiary, that his mother and father divorced, and that, as part of the divorce, his father agreed to maintain a $500,000 life insurance policy while he had support obligations related to Alec and his brother Matthew. The application and the life insurance policy attached to Alec's amended complaint list Allison as the primary beneficiary, as Alec alleged. Alec is not listed as a beneficiary. Alec did not allege that when his father agreed to maintain a life insurance policy while he had support obligations to Alec and Matthew, Alec was or was supposed to be a beneficiary under the policy.

{¶ 20} In his appellate brief, Alec argues, "The Divorce decree mandated that William Deckman maintain life insurance, for the benefit of his children, until his child support obligations had been met." This differs from the allegation in his amended complaint that, "[a]s a part of the divorce proceedings, Decedent agreed to maintain a $500,000 life insurance policy while he had support obligations related to Plaintiff and his brother, Matthew." Reviewing whether standing has been demonstrated, we are limited to the allegations in the amended complaint.

{¶ 21} We recognize that this court has found, where a separation agreement required a spouse to "maintain the child of the parties as primary, irrevocable beneficiary in [life insurance] policies," the "child was granted a vested right" to the policies. *Thomas v. Studley*, 59 Ohio App.3d 76, 79 (8th Dist. 1989). This "vested right cannot be defeated by the [spouse's] failure to maintain the policy as required by the divorce decree." *Id.*

{¶ 22} However, Alec does not allege that the divorce decree required Alec to be a beneficiary of the policy. Alec does not allege the terms of his father's support obligations under the divorce decree. The divorce decree itself is not attached to the amended complaint.

{¶ 23} Notwithstanding his arguments to the contrary, Alec has not alleged facts in the amended complaint that, if proven, would establish that Defendants' conduct caused him injury, as required to establish standing for his undue-influence and breach-of-fiduciary-duty claims. We affirm the court's dismissal of Counts 1 and 2 for lack of standing.

## B. Declaratory Judgment – Lack of Standing

{¶ 24} The Ohio Supreme Court has recognized that standing "must be demonstrated for each claim and each form of relief." (Cleaned up.) *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 13. Addressing standing under the Declaratory Judgment Act specifically, the Court explained, "Although a declaratory-judgment action generally contemplates that the action is brought before an injury-in-fact has occurred, a plaintiff must nonetheless demonstrate 'actual present harm or a significant possibility of future harm to justify pre-enforcement relief.'" *Id.* at ¶ 32, quoting *Peoples Rights Org., Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). Dismissing for lack of standing, the Court explained that the "complaint is simply devoid of any allegation on which we could conclude the significant possibility of future injury." *Id.* at ¶ 35.

{¶ 25} Dismissal of a claim for declaratory relief is appropriate without addressing the merits of the case "'if there is (1) neither a justiciable issue nor an actual controversy between the parties requiring speedy relief, or (2) the declaratory judgment will not terminate the uncertainty or controversy.'" *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 17 (10th Dist.), quoting *M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.,* ¶ 19, 2014-Ohio-2537. "Standing depends on 'whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case.'" *Ohioans for Concealed Carry* at ¶ 37, quoting *ProgressOhio.org, Inc.,* 2014-Ohio-2382, at ¶ 17.

{¶ 26} Under Count 3, Alec alleged that he "believes he is the proper and lawful beneficiary of the Policy proceeds" and sought "an order from the Court confirming that: (i) he is the lawful beneficiary related to the Policy. . . ." However, as discussed above, Alec has not alleged any facts that, if proven true, support his belief. *See Lombardo v. Best W. Hotels &* Resorts, 2023-Ohio-2300, ¶ 17 ("Even Ohio's liberal notice-pleading standard does not permit mere speculation."); *Sacksteder v. Senney*, 2012-Ohio-4452, ¶ 45 (2d Dist.) ("We have never construed Civ.R. 12(B)(6) as permitting either speculation or complaints that are devoid of factual allegations supporting the legal claims.").

{¶ 27} The test for standing in a declaratory-judgment action is "whether a justiciable issue exists as opposed to alleging an injury." *Cool* at ¶26. Based on the facts alleged in the amended complaint, Alec has not demonstrated a justiciable controversy. Dismissal of his claim for declaratory judgment was proper.

**C. Declaratory Judgment – Failure to Name Indispensable Parties**

{¶ 28} Furthermore, Alec failed to name all necessary parties. To properly bring a claim for declaratory judgment, "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A). For purposes of R.C. 2721.12(A), a "party is 'legally affected' if the party has a legal interest in rights that are the subject matter of the cause of action." *M6 Motors, Inc.*, 2014-Ohio-2537, at ¶ 33 (8th Dist.), quoting *Rumpke Sanitary Landfill, Inc. v. State*, 2010-Ohio-6037, ¶ 14. A mere "practical interest in the outcome of the action" is insufficient. *Id.* at ¶ 34.

{¶ 29} As noted, in Count 3, Alec sought "an order from the Court confirming that: (i) he is the lawful beneficiary related to the Policy. . . ." This order, if issued, would make Alec the sole beneficiary of the Policy, terminating anyone else's interest in the Policy. However, Alec alleged in the first amended complaint that his mother is listed as the primary beneficiary in the policy application and the documents Alec attached to the amended complaint support that allegation. Alec did not name Allison as a party.

{¶ 30} To the extent Alec is trying to argue that he has an interest in the policy because, "[a]s a part of the divorce proceedings, Decedent agreed to maintain a $500,000 life insurance policy while he had support obligations related to Plaintiff and his brother, Matthew," Matthew would have the same interest. Naming Alec the sole beneficiary of the policy would terminate Matthew's rights, making him a necessary party to this case. Yet, Alec failed to name Matthew as a party in his

amended complaint. Moreover, as noted above, Alec did not allege facts sufficient to demonstrate that he or his brother had a vested interest in the life insurance policy.

{¶ 31} Ordinarily, "Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ. R. 19(A) . . . ." *State ex. rel. Bush*, 42 Ohio St.3d 77, 81 (1989). However, "[t]he absence of a necessary party is a jurisdictional defect that precludes any declaratory judgment." *Cerio v. Hilroc Condo. Unitowners Assn.*, 2004-Ohio-1254, ¶ 10 (8th Dist.), citing *Bretton Ridge Homeowners Club v. DeAngelis*, 51 Ohio App.3d 183, 185 (8th Dist. 1988). In *Cerio*, this court remanded a declaratory-judgment action that failed to name all interested parties under R.C. 2721.12 with instructions that "the complaint should be dismissed unless all necessary parties are joined." *Cerio* at ¶ 14. Similarly, in *DeAngelis*, this court found that, where a declaratory-judgment action lacked necessary parties, the "[c]omplaint should have been dismissed." *DeAngelis* at 185.

{¶ 32} In the present case, Alec did not join Allison or Matthew, who are necessary parties to his declaratory-judgment action. Nonetheless, in light of Alec's lack of standing, we decline to remand the matter.

## C. Constructive Trust and Accounting

{¶ 33} Although set forth as separate counts in Alec's amended complaint, the "imposition of a constructive trust and a request for an accounting are generally considered to be remedies, not independent causes of actions." *Haddad v. Maalouf-*

*Masek*, 2024-Ohio-1983, ¶ 62 (8th Dist.) (finding that, where the trial court erred in granting summary judgment that denied appellant's underlying claim for intentional interference with expectancy, appellant did "not identif[y] any basis" for constructive trust and accounting). As we found above, the probate court properly dismissed Alec's unjust-enrichment and breach-of-fiduciary-duty claims and his declaratory-judgment action. Alec has, therefore, identified no basis for the remedies he requested.

{¶ 34} Accordingly, Alec's sole assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR