[Cite as *Estate of Deckman v. Joseph*, 2026-Ohio-1968.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ESTATE OF WILLIAM J. DECKMAN,
ET AL.,                                        :

　　　　Plaintiffs-Appellants,          :          No. 115371

　　　　v.                                      :

KIM JOSEPH, ET AL.,                     :

　　　　Defendants-Appellees.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
　　　　　　PART, AND REMANDED
**RELEASED AND JOURNALIZED:** May 28, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-109473

---

### *Appearances:*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellants*.

McDonald Hopkins, LLC, David Dreschsler, Franklin C. Malemud, and Alex Tominc, *for appellees*.

DEENA R. CALABRESE, J.:

{¶ 1} Plaintiffs-appellants Estate of William J. Deckman, Alec Reed Deckman ("Alec"), Matthew Cole Deckman ("Matthew"), Allison Marie Deckman ("Allison"), Susan C. Fine, and Brian E. McGrath (collectively "appellants") appeal the order of

the Cuyahoga County Common Pleas Court ("trial court") granting defendants-appellees Kim Joseph ("Kim") and Michelle Silverstein's ("Michelle") (collectively "appellees") motion for summary judgment and motion to dismiss. For the reasons that follow, we affirm in part, reverse in part, and remand.

**Relevant Facts and Procedural History**

{¶ 2} This is the third case and second appeal to this court stemming from the management and distribution of the life insurance policy proceeds from the estate of William Deckman ("decedent"). Appellants Alec and Matthew are decedent's sons, Allison is decedent's ex-wife and mother of Alec and Matthew, and appellees Kim and Michelle are decedent's nieces. Appellants assert that appellees abused a power of attorney granted to them to manage decedent's affairs to change the beneficiaries to his life insurance policy from appellant Allison to appellee Kim and to make other changes to his estate planning prior to his death.

{¶ 3} Prior to decedent's decline in health, he and Allison divorced in Hamilton County, Tennessee. Their divorce was finalized in 2016, and they entered into a permanent parenting plan in 2019. As part of the parenting plan, decedent agreed to maintain a $500,000 life insurance policy until his child-support payment obligation was complete on June 12, 2021.

{¶ 4} On February 14, 2019, decedent suffered from a stroke and was admitted to the hospital. After he was released from the hospital, decedent was transferred to a stroke-rehabilitation facility, then a nursing-care facility. Decedent resided in various skilled-nursing-care facilities until he passed away.

{¶ 5} On March 13, 2019, Kim and Michelle assumed responsibility for decedent's care through financial and health care powers of attorney. In April 2019, Kim and Michelle changed the beneficiary on the life insurance policy from Allison to Kim.

{¶ 6} On June 12, 2021, decedent's child-support obligation to Allison for the benefit of the children was completed.[1] On June 27, 2022, decedent passed away. Kim received the life insurance death benefit after decedent passed away and paid half to Michelle. Multiple lawsuits have followed.

{¶ 7} On March 13, 2023, Alec filed the first case with the Cuyahoga County Probate Court ("probate court") against appellees. The original complaint requested an accounting. On September 5, 2023, a first amended complaint was filed requesting an accounting, alleging claims of undue influence and breach of fiduciary duty, sought a declaratory judgment that Alec was the lawful beneficiary of the insurance policy, and requested the imposition of a constructive trust over the policy proceeds. On April 18, 2024, the probate court granted appellees' motion for dismissal of the undue-influence, breach-of-fiduciary-duty, and declaratory-judgment claims.

{¶ 8} Alec filed an appeal of the probate court case with this court ("*Deckman I*"). On July 3, 2025, this court affirmed the probate court's dismissal for lack of standing of Alec's undue-influence and breach-of-fiduciary-duty claims

---

[1] Matthew turned 18 on January 9, 2019, and Alec turned 18 on June 12, 2021.

and the dismissal of the declaratory-judgment action for lack of standing and for failure to name necessary parties. *See Deckman v. Joseph*, 2025-Ohio-2360 (8th Dist.). Additionally, this court noted that because Alec's claims were dismissed, there was no basis for the requested remedies of an accounting and the imposition of a constructive trust. *Id.*

{¶ 9} On August 25, 2024, appellants filed a complaint ("federal case") in the United States District Court for the Northern District of Ohio.[2] On December 16, 2024, the federal court dismissed the federal case for lack of subject-matter jurisdiction.

{¶ 10} On December 30, 2024, the current case was filed with the Cuyahoga County Common Pleas Court, General Division. The named plaintiffs are the Estate of William J. Deckman, c/o Michael Harvey, Esq., Administrator; Alec Reed Deckman; Matthew Cole Deckman; Allison Marie Deckman; Susan C. Fine; and Brian E. McGrath. The named defendants are Kim Joseph and Michelle Silverstein. The complaint alleges the following claims, in summary:

1. Declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the beneficiary designations after February 2019 were invalid;

2. Declaratory judgment pursuant to 28 U.S.C. § 2201(a) that any inter vivos transfers of Decedent's assets to appellees or their family members after February 2019 are invalid;

3. Fraud, fraudulent concealment, constructive fraud pursuant to 31 U.S.C. § 3729;

---

[2] Federal Case No. 1:24-CV-1398.

4. Fraudulent conduct under powers of attorney and for other relief pursuant to Ohio Revised Code §§ 1337.34 and 1337.36;

5. Undue influence;

6. Breach of fiduciary duty;

7. Constructive trust;

8. Accounting.

{¶ 11} On February 28, 2025, appellees filed a motion for summary judgment and motion to dismiss. The motion made several arguments. First, the motion moved for summary judgment pursuant to Civ.R. 56 and asserted that all claims were barred by the principles of res judicata. Second, the motion moved for dismissal of all claims, asserting that dismissal was proper because *Deckman I* was a pending case on appeal with this court. Lastly, appellees moved for dismissal of the declaratory-judgment and Federal False Claim Act claims, Counts 1, 2, and 3, for lack of subject-matter jurisdiction and dismissal of Counts 5 and 7 for undue influence and constructive trust for failure to state a claim upon which relief can be granted.

{¶ 12} On July 3, 2025, the trial court granted appellees' motion for summary judgment and motion to dismiss, stating, in relevant part, as follows:

> This cause came before the court upon the defendants' motion for summary judgment and motion to dismiss, filed 02/28/2025, the plaintiffs' brief in opposition, filed 05/27/2025, and the defendants' reply in support, filed 06/03/2025. The court finds the defendants' motion well taken and dismisses all claims.

**{¶ 13}** This appeal followed. Appellants raise the following assignments of error for review:

> 1. The Trial Court erred as a matter of law by dismissing the Case on Summary Judgment when there are genuine issues of material fact in dispute.

> 2. The Trial Court erred as a matter of law when it did not provide an Opinion as to why it determined the Case on Summary Judgment.

## Law and Analysis

**{¶ 14}** In their first assignment of error appellants assert that the trial court erred when it dismissed their claims on summary judgment when there are genuine issues of material fact in dispute. Appellants' brief also asserts that the trial court erred when it granted appellees' motion to dismiss. The trial court's order states, "The court finds the defendants' motion well taken and *dismisses* all claims." (Emphasis added.) We address both the motion for summary judgment and the motion to dismiss because it is unclear which motion the trial court granted.

### Summary Judgment

**{¶ 15}** We first address the trial court's order granting appellees' motion for summary judgment. Civ.R. 56(C) provides in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**{¶ 16}** Ohio appellate courts "review summary judgment rulings de novo, applying the same standard as the trial court." *Montgomery v. ExchangeBase, LLC*,

2024-Ohio-2585, ¶ 47 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We therefore "accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate." *Montgomery* at ¶ 47. As this court explained in *Montgomery*:

> Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. *Grafton v. Ohio Edison Co.*, 77 Ohio St. 3d 102, 105 (1996). On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

*Id.* at ¶ 48.

{¶ 17} "A fact is material if it 'might affect the outcome of the suit under the governing law' of the case." *Oko v. Cleveland Div. of Police*, 2021-Ohio-2931, ¶ 23 (8th Dist.), quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *See also Montgomery* at ¶ 49. In addition, "[o]nly *genuine* issues of material fact preclude summary judgment. A factual dispute is 'genuine' only if 'it allows reasonable minds to return a verdict for the nonmoving party.'" (Emphasis in original.) *Huntington Natl. Bank v. Blount*, 2013-Ohio-3128, ¶ 32 (8th Dist.), quoting *Sysco Food Servs. v. Titan Dev.*,

1995 Ohio App. LEXIS 4762, *7 (9th Dist. Oct. 25, 1995), citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Anderson. See also Montgomery* at ¶ 49.

{¶ 18} Appellees' motion for summary judgment with the lower court asserted appellants claims were barred by res judicata. According to the doctrine of res judicata, "'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action.'" *Beavers v. PNC Bank, Natl. Assn.*, 2013-Ohio-5318, ¶ 14 (8th Dist.), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). "For purposes of res judicata analysis, a 'transaction' is defined as a 'common nucleus of operative facts.'" *Beavers* at ¶ 14, quoting *Grava* at 382, quoting 1 Restatement of the Law 2d, Judgments, § 24, (1982). As this court has held:

> Res judicata bars a claim when the following four elements are met: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

*Beavers* at ¶ 15, citing *Lenard v. Miller*, 2013-Ohio-4703, ¶ 27 (8th Dist.), citing *Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 84.

{¶ 19} We find that summary judgment of appellants' claims in this case was not proper because the dismissals in both the probate court and the federal court cases were not final judgments on the merits and thus were not barred by res judicata. The probate court in *Deckman I*, dismissed the previous case after finding

that Alec lacked standing and that he failed to join necessary parties. However, "[a] dismissal for lack of standing is not an adjudication 'on the merits' for the purposes of res judicata." *Superior Piping Contrs. v. Reilly Indus.*, 2005-Ohio-1318, ¶ 10 (8th Dist.), citing *Asher v. Cincinnati*, 1999 Ohio App. LEXIS 6223 (1st Dist. Dec. 23, 1999); *Metmor Fin. v. Slimmer*, 1996 Ohio App. LEXIS 2003 (11th Dist. May 17, 1996); *see also State ex rel. Coles v. Granville*, 2007-Ohio-6057, ¶ 51. In addition, pursuant to Civ.R. 41(B)(4)(b), the failure to join a party under Civ.R. 19 or 19.1 is a dismissal "otherwise than on the merits." *See Gordon v. Figetakis*, 2005-Ohio-5181, ¶ 8 (9th Dist.).

{¶ 20} The federal case's dismissal was also not a final adjudication on the merits. The federal court dismissed the federal case for lack of subject-matter jurisdiction. This court has previously held that "a dismissal for lack of jurisdiction is not res judicata to a subsequent action." *Ford Motor Credit Co., L.L.C. v. Collins*, 2014-Ohio-5152, ¶ 12 (8th Dist.), citing *State ex rel. Schneider v. Bd. of Edn.*, 39 Ohio St.3d 281 (1988).

{¶ 21} In addition, although there was an accounting in the probate court case, the *Deckman I* Court found that an accounting is a remedy and not a cause of action. Therefore, the accounting in the probate court case was not an adjudication on the merits.

{¶ 22} The dismissals in *Deckman I* and the federal case were not final adjudications on the merits; thus they are not barred by res judicata. Therefore, the

trial court erred when it granted appellees' motion for summary judgment to the extent the trial court granted the motion for summary judgment.

**Motion to Dismiss**

{¶ 23} Ohio appellate courts review a trial court's decision regarding a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362. In a de novo review, this court undertakes an independent examination of appellees' motion to dismiss and affords no deference to the trial court's determination. *Tedeschi v. Atrium Ctrs., L.L.C.*, 2012-Ohio-2929, ¶ 16 (8th Dist.), citing *Gilchrist v. Gonsor*, 2007-Ohio-3903 (8th Dist.).

{¶ 24} Accordingly, "'we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.'" *Doe v. Cuyahoga Cty. Community College*, 2024-Ohio-3113, ¶ 20 (8th Dist.), quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). As the Ohio Supreme Court has written:

> [A] plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.

*York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). *See also LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14 (To affirm dismissal of complaint

for failure to state a claim, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.").

{¶ 25} In this case, appellees' motion for dismissal pursuant to Civ.R. 12(B) asserted several arguments. First, appellees moved for dismissal of all claims, asserting dismissal of this case was proper because *Deckman I* was pending. Second, appellees moved for dismissal under Civ.R. 12(B)(1) of Counts 1 and 2 of appellants' complaint, asserting the claims were the exclusive jurisdiction of the federal court. Third, appellees moved for dismissal under Civ.R. 12(B)(1) of Count 3, asserting that the claim could only be brought against a governmental entity. Fourth, appellees moved for dismissal under Civ.R. 12(B)(6) of Count 5, asserting that a claim for undue influence is not a tort claim. Lastly, appellees moved for dismissal of Count 7 under Civ.R. 12(B)(6), asserting that constructive trust is not a cause of action.

{¶ 26} We first address appellee's contention that dismissal of all of appellants' claims was proper because *Deckman I* was still pending. We find that this argument is moot. The trial court ruled on appellees' motion in this case on July 3, 2025. This court issued an opinion on *Deckman I* also on July 3, 2025. Therefore, once this court issued its opinion in *Deckman I* and did not remand it to the probate court, that case was no longer pending.

{¶ 27} Courts will not resolve moot issues. *Amujiogu v. Oko*, 2022-Ohio-1323, ¶ 4 (8th Dist.), citing *In re A.G.*, 2014-Ohio-2597, ¶ 37; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). An issue is moot if ""it seeks to get a judgment on a

pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'"" *State ex rel. Cincinnati Enquirer v. Hunter*, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.), quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist. 1948). "It is well-established law in Ohio that a court does not have jurisdiction over a moot question." *Croce v. Ohio State Univ.*, 2021-Ohio-2242, ¶ 16 (10th Dist.), citing *Bradley v. Ohio State Dept. of Job & Family Servs.*, 2011-Ohio-1388, ¶ 11 (10th Dist.).

{¶ 28} Because *Deckman I* is no longer pending, we find that appellees' argument is moot.

{¶ 29} Next, we address appellants' assertion that the trial court erred when it dismissed Counts 1 and 2 for declaratory judgments, and Count 3, fraud, of the complaint that generally assert federal claims against appellees. Appellants' brief does not address the trial court's dismissal of Counts 1, 2, and 3.

{¶ 30} Ohio App.R. 16(A)(7) provides that appellants' appellate brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In addition, Ohio App.R. 12(A)(2) provides that the appellate court "may disregard an assignment of error presented for review if the

party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 31} This court has previously found that pursuant to Ohio App.R. 16 and 12, "[i]t is not this court's duty to construct legal arguments to support an appellant's appeal." *Walsh v. Walsh*, 2023-Ohio-1675, ¶ 11 (8th Dist.), citing *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94 (10th Dist.).  Thus, we will not address the trial court's dismissal of Counts 1, 2, and 3 of appellants' complaint.

{¶ 32} Next, we address the trial court's dismissal of Count 5, undue influence.  Appellees' motion to dismiss asserted that the remedy sought by appellants in Count 5, monetary damages, was improper and sought dismissal of the claim for that reason.  However, appellees' motion did not argue that dismissal was appropriate because appellants' complaint did not properly plead undue influence.

{¶ 33} The legal authority put forth by appellees does not support dismissal of Count 5.  Appellees' motion to dismiss filed with the lower court argued that dismissal of Count 5 was warranted because there was "no authority . . . which permits a tortious cause of action for undue influence to recover money damages." *Kingston Natl. Bank v. Stulley*, 1990 Ohio App. LEXIS 4486, ¶ 28 (4th Dist. Sept. 28, 1990), citing Calamari & Perillo, Contracts, § 9-12 (1977).  However, in *Kingston* the court found error when damages were awarded by a jury after a full trial.  In addition, appellants sought equitable relief on the undue influence claim in Count 7

where they sought the remedy of a constructive trust of the life insurance proceeds. Thus, dismissal of Count 5 is not proper at this time.

{¶ 34} In addition, a review of the records reveals that appellees have not established that the appellants can prove no set of facts in support of the undue influence claim that would entitle the appellants to relief. Therefore, the trial court erred when it granted appellees' motion to dismiss Count 5, undue influence, of appellants' complaint.

{¶ 35} Lastly, appellants' assignment of error as to Count 7 is sustained. In Count 7, appellants sought a constructive trust. As this court noted in *Deckman I*, the "'imposition of a constructive trust and a request for an accounting are generally considered to be remedies, not independent causes of action.'" *Deckman*, 2025-Ohio-2360, ¶ 33 (8th Dist.), quoting *Haddad v. Maalouf-Masek*, 2024-Ohio-1983, ¶ 62 (8th Dist.). Therefore, the trial court did not err when it dismissed Counts 7 and 8 because they are not independent causes of action. However, an accounting and the imposition of a constructive trust are still appropriate remedies for claims that remain pending.

{¶ 36} For the reasons stated above, appellants' first assignment of error is sustained in part and overruled in part. Counts 4, 5, and 6 remain pending.

{¶ 37} In their second assignment of error, appellants assert that the trial court erred when it did not provide a written opinion as to why it determined the case on summary judgment. This court has previously found that "a trial court need not set forth any detailed reasoning in an opinion granting summary judgment."

*Williams v. PNC Bank, N.A.*, 2022-Ohio-4287, ¶ 64 (8th Dist.), citing *Ferguson v. Univ. Hosps. Health Sys., Inc.*, 2022-Ohio-3133, ¶ 68-71, fn. 12 (8th Dist.). Therefore, appellants' second assignment of error is overruled.

{¶ 38} For the reasons stated above, the trial court's order is affirmed in part and reversed in part and the case is remanded. The claims in Counts 4, 5, and 6 remain pending. This case is remanded to the trial court with instructions to proceed consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR